UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SWAMIJI SRI SELVAN SIDDHAR,

                Plaintiff,

     -against-

VIOLET RAJKUMAR, et al.,

                Defendants.

16-CV-1984 (LAP)

ORDER

LORETTA A. PRESKA, United States District Judge:

    Plaintiff filed this action *pro se*. On June 17, 2016, the Court dismissed the complaint based on an order issued by the United States District Court for the Northern District of Georgia, enjoining Plaintiff from filing frivolous actions concerning his Hindu temple business. *See Hindu Temple and Community Center of High Desert, Inc. v. Kepner*, No. 12-CV-2941 (SCJ) (N.D. Ga. Mar. 28, 2013).[1] For the following reasons, the Court denies the motion.

    On November 5, 2013, Plaintiff was indicted, and on July 16, 2016, convicted in the Northern District of Georgia. *United States v. Annamalai*, No. 1:13-CR-437-1 (N.D. Ga.). In the judgment, the district court ordered that, while incarcerated and on supervised release, Plaintiff "shall not file frivolous, abusive, or malicious lawsuits against . . . former customers of the Hindu Temple and related entities, and victims of his criminal schemes . . . ." *Id.* at ECF No. 355 at 2-3.

    On March 16, 2016, Plaintiff filed this action against Defendants, individuals who "initiated" contact with him and "sought" his "specialized spiritual services." (Compl. at 3.) On June 8, 2016, Plaintiff moved to "dismiss" the action without prejudice. (ECF No. 8.) Based on

---

[1] After the injunction was issued, Plaintiff was indicted in the Northern District of Georgia and eventually

the injunctions issued from the Northern District of Georgia, this Court dismissed this action, as Plaintiff had brought suit against his formers customers.

On June 27, 2016, Plaintiff filed a "motion to alter/amend the judgment/motion to call back the order/judgment as moot," challenging this Court's June 17, 2016 dismissal order. Plaintiff challenges the dismissal order on the ground that he filed a motion to voluntarily withdraw the action before the order of dismissal, and the basis for this Court's dismissal order should have been his motion to withdraw, not the injunction. He also asserts that the Defendants were not former customers.

The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and a motion for reconsideration under Local Civil Rule 6.3, and, in the alternative, as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

Plaintiff's assertion that this Court's June 17, 2016 order dismissing the action was in any way improper is without merit. The Court considered Plaintiff's motion seeking to "dismiss" the action without prejudice and then dismissed the action based on the Northern District of Georgia's injunction enjoining Plaintiff from filing any action against former customers.

As for Plaintiff's assertion that Defendants were not former customers, this assertion is without merit; Plaintiff affirmatively identifies Defendants as individuals who sought him out for his "specialized spiritual services."

The motion is therefore denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's motion for reconsideration (ECF No. 11) is denied. Plaintiff's case is closed, though the Court will accept for filing documents that are directed to the Second Circuit Court of Appeals. Moreover, Plaintiff's motion violates Rule 11 of the Federal Rules of Civil Procedure, which requires all litigants presenting a motion to make reasonable inquiry into whether their claims are warranted by law or have factual support. If Plaintiff files a future reconsideration motion that repeats the same arguments or is also meritless, the Court will direct that no further documents be accepted for filing for filing in this action, unless Plaintiff shows cause why such an order would be inappropriate.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 29, 2016
         New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
United States District Judge

3